## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **ADAM MATTISON,** | ) | |
| | ) | **Civil Action No.** 6:18-cv-104 |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **EAST COAST LUBE, INC. and** | ) | |
| **LAWRENCE CAMPBELL,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT FOR DAMAGES

Now comes Plaintiff Adam Mattison, by and through counsel, and files this his Complaint for Damages against Defendants East Coast Lube, Inc. (hereinafter "Defendant East Coast Lube") and Lawrence Campbell ("Defendant Campbell"), individually (collectively "Defendants"), and shows this court as follows:

## PRELIMINARY STATEMENT

1. This is a challenge to Defendants' unlawful practice of not paying overtime to salaried employees in non-exempt positions.

2. Plaintiff brings this lawsuit to remedy Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, by virtue of Defendants' practice, policy and procedure of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) per workweek.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because all, or a substantial part of, the events or omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction.

## THE PARTIES

5. At all times relevant, Plaintiff was a citizen of the United States and a resident of Screven County, Georgia.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. Defendant East Coast Lube, Inc. is a foreign corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this district and is subject to the jurisdiction of this court.

8. Defendant East Coast may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Debbie Campbell, 7209 Waters Avenue, Savannah, GA 31406.

9. Defendant, Lawrence Campbell, ("Defendant Campbell") is the Chief Executive Officer of Defendant East Coast and at all times relevant herein was a

resident of the State of Florida. Defendant Campbell can be served at 3995 Pebble Brooke Circle South, Orange Park, FL 32065. Upon information and belief, at all times relevant herein, Defendant Campbell exercised daily operational control over the business operations of Defendant East Coast, including, but not limited to exercising control and discretion regarding employment decisions, scheduling employees for work, establishing and managing payroll policies and procedures involving overtime pay, establishing rates of compensation for individual employees, controlling expenditures of company funds, and issuing payroll to employees.

10. At all times relevant herein, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d).

11. Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

## FACTS

12. Plaintiff was first employed by Defendants on October 11, 2017 as a lube tech for which he was paid overtime. Thereafter, Plaintiff was employed by Defendants from approximately January 1, 2018 to August 11, 2018 as a floating manager and as an assistant manager (hereinafter, the "Covered Period").

13. In his capacity as a floating manager and as an assistant manager, Plaintiff's primary duties consisted of non-exempt work such as checking fluid

levels; tire rotations; checking tire pressures; changing oil; changing transmission fluids; and general vehicle maintenance.

14. Throughout the Covered Period, Plaintiff was paid a fixed salary, irrespective of the hours he worked in any given week.

15. Throughout the Covered Period, Plaintiff's regular rate of pay from Defendants was Seventeen Dollars and 50/100 Cents ($17.50) per hour.

16. Plaintiff regularly and consistently worked over forty (40) hours per week and averaged at least fifty-five (55) hours worked per week.

17. Although Plaintiff routinely worked in excess of forty (40) hours per week during the Covered Period, Defendants failed to pay an overtime premium for hours in excess of forty (40) hours.

18. Defendants knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

19. Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

20. Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

21. The above payroll practices were widespread and resulted in overtime wage violations of the FLSA, 29 U.S.C. §§ 201-219.

## COUNT I - FAIR LABOR STANDARDS ACT
### (FLSA Overtime Violations)

22. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23. FLSA requires "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

24. Plaintiff is non-exempt under the FLSA, 29 U.S.C. §201 *et seq*.

25. Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all of his overtime hours.

26. Plaintiff should have been paid overtime wages in the amount of 150% of his normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

27. Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

28. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff overtime wages as required by federal law.

29. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

30.Defendants knew or showed reckless disregard for their actions, policies, and/or omissions violated the FLSA.

31. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

32. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's rights and entitle Plaintiff to liquidated damages.

33. As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles him to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."

34.29 U.S.C. § 216(b) further provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

35. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 216 (b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.  Grant Plaintiff a trial by jury as to all triable issues of fact;

B.  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA;

C.  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant mis-classified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful and/or in reckless disregard of Plaintiff's rights; and

D.  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 9th day of October, 2018.


**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorneys for Adam Mattison*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com